IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 96-CR-40071-JPG |
| LONNIE MCKINNIE, | |
| Defendant. | |

## MEMORANDUM AND ORDER

This matter comes before the Court on defendant Lonnie McKinnie's *pro se* motion for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guideline Manual ("U.S.S.G.") § 1B1.10 (Doc. 192). McKinnie was sentenced in 1997 to be imprisoned for 151 months, followed by a term of supervised release, for conspiring to distribute crack cocaine. The Court reduced his sentence to 100 months pursuant to Federal Rule of Criminal Procedure 35(b). He served his prison time and was released, but he violated the terms of his supervised release, and the Court revoked his supervised release. He is currently in prison serving the revocation sentence. McKinnie now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 that he believes could, if retroactively applied, lower his sentencing range and, ultimately, his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under §

3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission.

### I.     Lowered Guideline Range

McKinnie satisfies the first criteria because he was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2). McKinnie was sentenced in 1997 based on the base offense levels set forth in U.S.S.G. § 2D1.1(c). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. Thus, McKinnie satisfies the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a reduction in sentence because his sentencing range has been lowered following his sentence.

### II.    Consistency with Policy Statement

As for the second criterion, the Sentencing Commission's policy statement governing sentence reductions following guideline amendments is contained in U.S.S.G. § 1B1.10. That section provides that the guideline range reduction contained in Amendments 706 and 711 may be applied retroactively pursuant to 18 U.S.C. § 3582(c)(2) to reduce previously imposed sentences with certain limitations. U.S.S.G. § 1B1.10(a)(1) & (c). Thus, the Court now has discretion under 18 U.S.C. § 3582(c)(2) to reduce the sentences of some defendants sentenced for offenses involving crack cocaine.

However, not all defendants whose sentences were based, in whole or in part, on involvement with crack cocaine are eligible for such a reduction. For example, the application notes

to U.S.S.G. § 1B1.10(a) plainly provide that a § 3582(c)(2) reduction is *not* authorized where the guideline amendment "does not have the effect of lowering the defendant's . . . guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S.S.G. § 1B1.1 app. note 1(A).

McKinnie is currently imprisoned as the result of a sentence imposed via a revocation proceeding. Under § 1B1.10, only defendants imprisoned as a result of an "original" sentence qualify for § 3582(c)(2) sentence reduction. *See* U.S.S.G. § 1B1.10 app. note 4(A) ("Only a term of imprisonment imposed as part of the original sentence is authorized to be reduced under this section. This section does not authorize a reduction in the term of imprisonment upon revocation of supervised release."). Thus, a reduction of McKinnie's sentence would be inconsistent with the policy statement set forth in U.S.S.G. § 1B1.10, and therefore is not authorized by 18 U.S.C. § 3582(c)(2).

In sum, the Court has no discretion to reduce McKinnie's sentence because he is not eligible for such a reduction. Accordingly, the Court **DENIES** McKinnie's motion to reduce sentence (Doc. 192).

**IT IS SO ORDERED.**
**DATED: July 21, 2008.**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**
